IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| WESLEY SHORT, #1060702 | § | |
| VS. | § | CIVIL ACTION NO. 6:05cv11 |
| OIG BETO UNIT, ET AL. | § | |

MEMORANDUM OPINION AND
ORDER OF DISMISSAL

Plaintiff Wesley Short, an inmate confined at the Beto Unit of the Texas prison system, proceeding *pro se* and *in forma pauperis*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983 against the Office of the Inspector General ("OIG") Beto Unit and the Inspector General of TDCJ-CID. The complaint was transferred to the undersigned pursuant to 28 U.S.C. § 636(c).

The original complaint was filed on January 7, 2005. The Plaintiff complained about the Defendants' abuse of a "transmitter ressister" that is being illegally used in his cell and everywhere he goes. He alleged that he can hear threats against himself and his family. Officers have told him that he was plugged into the OIG. He added that he has been struck in the head with this equipment at least ten times with an electrical shock current. He wants the electronic device turned off.

After reviewing the complaint, the Court decided to conduct an evidentiary hearing, consistent with *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), to consider the Plaintiff's claims. The hearing was conducted on June 21, 2005. Regional Grievance Supervisor Chip Satterwhite and Nurse Thomas Maciel attended the hearing to answer any questions the Court may have concerning the Plaintiff's security or medical records. Only sworn testimony and authenticated records were

accepted during the *Spears* hearing, and the evidence submitted by prison personnel was considered by the Court only to the extent that it does not contradict the inherently plausible and credible evidence offered by the plaintiff. *Vernado v. Collins*, 920 F.2d 320, 321 (5th Cir. 1991).

The Plaintiff was advised that the Court would consider whether he should be permitted to proceed with his claims or, alternatively, whether the case should be dismissed as frivolous or for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1). A district court may dismiss as frivolous a prisoner's *in forma pauperis* complaint if it lacks any arguable basis in law or fact. *See Neitzke v. Williams*, 490 U.S. 319-25 (1989); *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as the complaint alleges violation of a legal interest which clearly does not exist." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999). A complaint is factually frivolous when "the facts alleged are 'fantastic or delusional scenarios' or the legal theory upon which a complaint relies is 'indisputably meritless.'" *Eason v. Thaler*, 14 F.3d 8, 9 n.5 (5th Cir. 1994) (quoting *Neitzke*, 490 U.S. at 327-28).

The Plaintiff testified that he has been confined in prison for four years. He complained that he has been denied safe living conditions at the Beto Unit. A "transmitter ressister" is used to monitor his cell. He is not sure who is doing it, but officers told him that he was plugged into the OIG. He added that he is monitored wherever he goes. He testified that he can hear it and that he was hearing it in the courtroom. He further testified that this has been going on for two and one-half years. The Plaintiff added that the equipment is dangerous and it puts pressure on his mind. He acknowledged that he is seeing a psychiatrist for help, but there has not been a diagnosis.

The Plaintiff gave the Court permission to review his prison records. The psychiatric records are extensive. He was examined at the Skyview psychiatric facility in December 2003. A diagnosis of Bipolar Disorder or Schizophrenia was noted. Delusions and hallucinations were also noted. The records specified that he was not on medication. On March 23, 2004, the doctors at Skyview noted his medications at that time, including Prolixin Decanoate (Thorazine), Zantac and Valproic Acid. It was noted that he should be monitored closely for compliance and the psychotropic drugs should be given in injectable form. As of May 5, 2005, he was on Benadryl, Valproic Acid, Navane and Nortriptyline. The last three medications are psychiatric medications. His complaints about transistors and being electronically monitored and videotaped were discussed throughout the psychiatric records, which were characterized as "delusional and bizarre."

Deliberate indifference to a prisoner's serious medical or safety needs constitutes an Eighth Amendment violation and states a cause of action under 42 U.S.C. § 1983. *Estelle v. Gamble*, 429 U.S. 97, 105-07 (1976); *Jackson v. Cain*, 864 F.2d 1235, 1244 (5th Cir. 1989). In *Farmer v. Brennan*, 511 U.S. 825, 835 (1994), the Supreme Court noted that deliberate indifference involves more than just mere negligence. The Court concluded that "a prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety; . . . the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. *See also Reeves v. Collins*, 27 F.3d 174, 175 (5th Cir. 1994). The deliberate indifference standard extends to providing for the psychiatric needs of inmates. *Domino v. TDCJ*, 239 F.3d 752, 754 (5th Cir. 2001).

In the present case, the prison system has documented the Plaintiff's psychiatric needs and has provided psychiatric medications as deemed appropriate. Psychiatrists have dealt with the Plaintiff's complaints about transmitters and being bugged and have concluded that these fears were delusions. The facts as alleged do not support an inference that anyone has been deliberately indifferent to the Plaintiff's safety or psychiatric needs. Moreover, to the extent that the Plaintiff believes that a transmitter is being used wherever he goes, including the courtroom, such belief is delusional. The Plaintiff's claims against the Defendants are factually frivolous. In conclusion, the Plaintiff's claims fail to state a claim upon which relief may be granted and are frivolous in that they lack any basis in law and fact. The case should be dismissed pursuant to 28 U.S.C. § 1915A(b)(1). It is accordingly

**ORDERED** that the cause of action is **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915A(b)(1). All motions by either party not previously ruled on are hereby **DENIED**.

So **ORDERED** and **SIGNED** this **29** day of **June, 2005.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE